**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FT. MYERS DIVISION**

UNITED STATES OF AMERICA,

v.                                                                                      CASE NO. 2:11-CR-29-FtM-36SPC

FRANZ BOD WENINGER MATAYOSHI,

_____/

# ORDER

**THIS CAUSE** came on for consideration upon the Report and Recommendation filed by United States Magistrate Judge Sheri Polster Chappell on September 22, 2011 (Dkt. 49). Following an evidentiary hearing held on August 30, 2011, the Magistrate recommends in her Report that the Court deny Defendant Franz Bod Weninger Matayoshi's Motion to Suppress Evidence and Statements (Dkt. 34). Defendant filed an objection to the Report and Recommendation on October 4, 2011 (Dkt. 50).

**I.      STANDARD**

Under the Federal Magistrates Act, a district judge may refer a pretrial motion to a magistrate to conduct a hearing, including an evidentiary hearing, and to submit to the assigning judge proposed findings of fact and recommendations for the disposition of the pending motion. 28 U.S.C. §636(b)(1)(B). The Act requires the district judge to make a *de novo* determination of those portions of the report or specified recommendations to which an objection is made. *U.S. v. Raddatz,* 447 U.S. 667, 673-74, 110 S. Ct. 2406, 65 L.Ed. 2d 424 (1980) (Citing 28 U.S.C. §636(b)(1)). As to dispositive motions, such as the instant motion to suppress, "the statute calls for a *de novo* determination, not a *de novo* hearing". *Id*. at 674.

Additionally, the Eleventh Circuit has cautioned district judges from overruling a magistrate's finding where credibility determinations are dispositive. *See Manning ex rel. Manning v. Sch. Bd. of Hillsborough Cty., Fla.*, 244 F.3d 927, 946-47 (11th Cir. 2001); *Proffitt v. Wainwright*, 685 F.2d 1227, 1237 (11th Cir. 1982). "Where, as here, a district judge does not personally observe the witnesses in making a subjective finding of fact, [the Eleventh Circuit views] such a finding [based on credibility] with skepticism, especially where, as here, the finding is contrary to the one recommended by the judicial official who observed the witnesses." *Manning*, 244 F.3d at 947.

## II. ANALYSIS

Defendant argues that the Magistrate's Report does not accurately reflect the entire testimony given at the hearing on the Motion to Suppress and therefore, the credibility determination is flawed (Dkt. 50, pp. 1, 4). It is clear from a review of the transcript of the evidentiary hearing that there were conflicts between the testimony of Defendant Franz Bod Weninger Maytayoshi and Special Agent Jeffrey Gieser, the only two witnesses who testified. The Magistrate, therefore, performed a credibility analysis. The Magistrate found that Special Agent Jeffrey Gieser was more credible because his demeanor was more forthright and calm when he gave his testimony. (Dkt. 49, p. 6). Defendant's demeanor, however, was somewhat calm, but also edgy and defensive. *Id*. Furthermore, the Magistrate noted the inconsistencies in Defendant's statements to the Court during the hearing and in his initial Motion to Suppress. *Id*. at pp. 6-9. Based on these observations, the Magistrate found the Special Agent to be more credible. *Id*. at p. 9. This Court will not overrule the recommendation of the Magistrate who observed the witnesses during the hearing and made

credibility determinations based on their testimony. The record supports the findings made by the Magistrate.

After carefully considering Defendant's Motion to Suppress Evidence and Statements, the Government's Response in Opposition (Dkt. 37), the Magistrate's Report and Recommendation, and Defendant's objection, and undertaking a *de novo* review of the specified recommendations in the Report and Recommendation to which an objection was made, the Court concludes that the Magistrate's Report and Recommendation should be adopted, confirmed and approved.

**ACCORDINGLY**, it is now **ORDERED** and **ADJUDGED** as follows:

1. The Report and Recommendation of the Magistrate Judge (Dkt. 49) is **ADOPTED, CONFIRMED** and **APPROVED** in all respects and is made a part of this order for all purposes, including appellate review.

2. Defendant's Objections to the Report and Recommendation are **OVERRULED**.

3. Defendant's Motion to Suppress Evidence and Statements (Dkt. 34) is **DENIED**.

**DONE AND ORDERED** at Ft. Myers, Florida, on October 14, 2011.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

**COPIES TO**:
MAGISTRATE JUDGE SHERI POLSTER CHAPPELL
COUNSEL OF RECORD